[Civ. Nos. 60146, 60174. Second Dist., Div. Two. Apr. 1, 1981.]

JAMES W. GARMAN, Individually and as Administrator, etc., et al., Plaintiffs and Appellants, v.
MAGIC CHEF, INC., Defendant and Respondent.

COUNSEL

Daniel K. Kean for Plaintiffs and Appellants.

Lawler & Ellis, Byron J. Lawler and Margot Davis, for Defendant and Respondent.

OPINION

BEACH, J.—The matters before us are two appeals from summary judgments in favor of defendant-respondent Magic Chef, Inc., manufacturer of a cooking stove.[1]

Plaintiffs, appellant and his now deceased wife, purchased a motor home with a propane gas system, including all appliances thereto. About a week after purchase, appellants took the motor home into a service agency. There two leaks at joints in the propane gas system were discovered and repaired. One leak was located at the propane gas tank itself and the other at the hot water tank connection. At the time of repairs a T-joint was replaced. A few days later while at a rest stop, appellant's wife lit the stove to make soup. Approximately five minutes later an explosion and fire occurred causing damages and personal injury.

The physical circumstances that resulted in the explosion are not in dispute. A copper tube extended from the propane gas tank upwards to a point where it flared out in two directions. One branch of the tubing extended to the gas stove and the other extended to the gas heater. The branch of tubing which extended to the hot water heater separated at its attachment to the T-joint permitting propane gas to leak out and form a pool of flammable vapor. The flame on the stove, when lit by

---

[1]Two actions were filed. The first was filed by plaintiff husband and wife for personal injuries and damages. Later a second action was filed for the wrongful death of wife. The issue in each case is identical and we consolidate the two appeals and consider them together.

appellant's wife, provided a source of ignition for the leaking gas. Defendant, Magic Chef, respondent here, manufactured the stove.

Appellants filed the two actions against the manufacturer of the motor home, the retail dealer that sold it, the two agencies that serviced and repaired it, the manufacturer of the heater and the manufacturer of the stove (respondent). After American Clipper Corporation, the manufacturer and assembler of the motor home and its propane gas system settled with appellants, the trial court granted the summary judgments in favor of respondent Magic Chef.

## CONTENTIONS ON APPEAL:

Appellants contend that there remained the question of whether or not the respondent's warning and installation instruction accompanying the gas stove manufactured by it were defective. Appellants argue this is a question of fact which could not be resolved by summary judgment. We reject the contentions and we affirm the judgment.

## DISCUSSION:

Respondent's motion for summary judgment was based on the undisputed fact that the proximate cause of the explosion was a defect in the copper tubing and joints between the propane gas tank and the hot water heater which allowed gas to escape. There was no defect in the cook stove itself. In opposing the motion for summary judgment, appellants for the first time raised the contention that the instructions provided by defendant Magic Chef for the operation of the gas range were inadequate in that they did not warn the stove user to check inside the motor home for gas leaks before lighting the pilot and making use of the stove. Appellants claim that their contention presented a triable issue of fact as to the existence of a defect in the product, the gas range manufactured and sold by respondent. Appellants are in error.

The issue before the court contained no disputed facts. The leaked gas was ignited by the stove's flame. There was no physical defect in the stove. It was working properly. The physical facts thus being not in dispute, the question remaining before the court was whether as a matter of law the stove manufacturer had a duty to warn that a lighted but properly operating stove might ignite gas leaking from some other place. In other words: did the absence of a warning constitute the legally recognized or "proximate" cause of the explosion, so as to affix

liability therefor? The answer is "no." The trial court's ruling on this question was correct.

■ Causation is a necessary element in strict liability just as it is in negligence liability. Thus the general rules of proximate cause apply. (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 833, p. 3128.) Proximate cause is a legal relationship. Whether an act or incident is the proximate cause of injury is a question of law where the facts are uncontroverted and only one deduction or inference may reasonably be drawn from those facts. (*Sanders* v. *Atchison, Topeka & Santa Fe Ry. Co.* (1977) 65 Cal.App.3d 630 [135 Cal.Rptr. 555].)

■ A failure to warn may create liability for harm caused by use of an unreasonably dangerous product. (*Cavers* v. *Cushman Motor Sales, Inc.* (1979) 95 Cal.App.3d 338 [157 Cal.Rptr. 142]; *Canifax* v. *Hercules Powder Co.* (1965) 237 Cal.App.2d 44 [46 Cal.Rptr. 552].) That rule, however, does not apply to the facts in this case because it was not any unreasonably dangerous condition or feature of respondent's product which caused the injury. To say that the absence of a warning to check for gas leaks in other products makes the stove defective is semantic nonsense.

The product here did not cause or create the risk of harm. ■ A cook stove is not an "unavoidably dangerous or unsafe product" within the meaning of the strict liability rule applicable to those engaged in ultrahazardous activities. (See 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 798, p. 3095 et seq.) Nor is it similarly so dangerous or unsafe simply because it is used with natural gas. Even if its use required the use of natural gas, that fact does not require a special warning. Use of natural gas is not an activity the danger of which is not known by a substantial number of people. To the contrary, natural gas has been in use for generations for lighting, cooking, heating, and providing energy. The use of any product can be said to involve some risk because of the circumstances surrounding even its normal use. Nonetheless, the makers of such products are not liable under any theory, for merely failing to warn of injury which may befall a person who uses that product in an unsafe place or in conjunction with another product which because of a defect or improper use is itself unsafe. This is especially so where the risk is commonly known. (A fuller discussion appears in Prosser, Torts (4th ed. 1971) Products Liability, § 96, p. 641, and particularly at p. 646 et seq.)

■ At bench, respondent was under no duty to warn of the possible defect in the product of another and is not liable for failure to do so. It was the tubing, the product of another, that was defective here. Appellants specifically pleaded that it was the supply tube leading to the hot water heater that was defective and leaked gas. Once the gas leaked and gathered in the motor home, the explosion was bound to occur as soon as someone lit a match for a cigarette, a cigar, a pipe or for any other reason. The fact that the stove was lit to prepare food simply was a fortuitous circumstance. The law does not yet recognize the mere use of either the tobacco products or the stove as the legally proximate cause of the injury so as to impose liability therefor on the supplier or manufacturer of either product.

The judgments are affirmed.

Roth, P. J., and Compton, J., concurred.